Charles C. BRAWLEY, Petitioner-
Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 72–1418
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 23, 1972.

Before THORNBERRY, COLEMAN
and INGRAHAM, Circuit Judges.

PER CURIAM:

Affirmed.[1]  See Local Rule 21.[2]

James F. PLOTNER, Jr., Sp. 4, United
States Army, Petitioner-Appellee,

v.

Stanley R. RESOR, Secretary of the
Army, and John C. F. Tillson, III, Com-
manding General, Fort Gordon, Geor-
gia, Respondents-Appellants.

No. 31030.

United States Court of Appeals,
Fifth Circuit.

Aug. 18, 1972.

William T. Morton, Asst. U. S. Atty.,
R. Jackson B. Smith, Jr., U. S. Atty.,

Barnee C. Baxter, Jr., Asst. U. S. Atty.,
Augusta, Ga., for respondents-appellants.

Peter E. Rindskopf, Howard Moore,
Jr., Atlanta, Ga., John H. Ruffin, Augus-
ta, Ga., for petitioner-appellee.

Before JOHN R. BROWN, Chief
Judge, TUTTLE, Senior Circuit Judge,
and WISDOM, GEWIN, BELL, THORN-
BERRY, COLEMAN, GOLDBERG,
AINSWORTH, GODBOLD, DYER,
SIMPSON, MORGAN, CLARK, INGRA-
HAM and RONEY, Circuit Judges.

PER CURIAM:

The court has heretofore put this case
en banc on its own motion.  On the facts
made known to the Court the cause has
become moot since the granting of re-
hearing en banc.  Accordingly the ap-
peal is dismissed and the panel decision,
1971, 446 F.2d 1066 is to have no prece-
dential value.

Appeal dismissed.

Shirley BALLANTINE, Petitioner-
Appellee,

v.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v.
  Citizens Casualty Company of New York
  et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. Appellant alleged as grounds for relief
   that (1) he was indicted by an illegally
   constituted grand jury; (2) he did not
   sign a waiver of counsel form in open
   court; (3) he was subjected to an illegal

arrest, search, and seizure; and (4) the
trial court did not comply with Rule 11,
F.R.Crim.P., when it failed to inquire
sua sponte, into the validity of the search
and seizure.

2. See N.L.R.B. v. Amalgamated Clothing
   Workers of America, 5 Cir., 1970, 430
   F.2d 966.